IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| MEDIDEA, LLC, | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-09-cv-258-TJW |
| | § | |
| ZIMMER HOLDINGS, INC., ZIMMER, | § | |
| INC., and ZIMMER US, INC., | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Zimmer Holdings, Inc., Zimmer, Inc., and Zimmer US, Inc.'s (collectively "Zimmer") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). [Dkt. No. 20] After considering the parties' arguments and the applicable law, the Court is of the opinion that Zimmer's motion should be DENIED.

### I. Background

Plaintiff MedIdea, LLC ("MedIdea") filed this lawsuit on August 26, 2009, accusing Zimmer of infringement of U.S. Patent Nos. 6,200,350 ("the '350 patent"); 6,383,225 ("the '225 patent"); 6,267,785 ("the '785 patent"); 6,379,391 ("the '391 patent"); 6,398,812 ("the '812 patent"); 6,821,300 ("the '300 patent"); and 7,229,478 ("the '478 patent") (collectively, "the patents-in-suit"). On December 4, 2009, MedIdea filed a related case in this Court asserting, *inter alia*, the '478 patent against Smith & Nephew, Inc. *See* MedIdea, LLC v. Smith & Nephew, Inc., 2:09-cv-378.

MedIdea is a Michigan corporation with a principal place of business in Longview, Texas. Zimmer is a Delaware corporation with a principal place of business in Warsaw, Indiana. Zimmer seeks to transfer the case to the Northern District of Indiana or the Eastern District of Michigan.

## II. Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to this Court's transfer order). The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), *cert. denied*, Singleton v. Volkswagen of Am., Inc., No. 08-754, 2009 WL 425117 (Feb. 23, 2009). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those for *forum non conveniens* dismissals, which include both public and private interest factors. *Id. at 315 (citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53, 56 (5th Cir. 1963)).* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. Id. (citing Action *Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## A. Discussion

### 1. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–5. When applying the 100-mile rule, a court should not place too much weight to the relative inconvenience for overseas parties and witnesses. *See In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (finding that "witnesses from Europe will be required to travel a significant distance no matter where they testify"). Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its "central location . . . in the absence of witnesses within the plaintiff's choice of venue." *Id.* The court "should assess the relevance and materiality of the information the witness may provide," not the "significance of the identified witnesses' testimony." *Id.* at 1343–44.

MedIdea is located in Longview, Texas, which is within this district. Zimmer's principal place of business in Warsaw, Indiana is within the Northern District of Indiana. Zimmer argues that MedIdea moved its location from Ann Arbor to Longview as a sham concocted simply in anticipation of this litigation. "A plaintiff's attempts to manipulate venue in anticipation of litigation or a motion to transfer falls squarely within these prohibited activities." *In re Hoffmann-La Roche*, 587 F.3d 1333, 1337 (Fed. Cir. 2009). The Court is not persuaded that a corporation's decision where to locate its offices is the type of "prohibited activity" that the Federal Circuit had in mind. Unlike transporting 75,000 pages of documents, a business opens its doors in a particular location for a number of considerations, including the cost of rent, market profitability, cost of doing business, and tax benefits. The Court declines to scrutinize litigants' business decisions in order to determine whether opening an office in a particular location has a legitimate business purpose or is merely a "tactic . . . to manipulate venue." *Id.* Moving a business to a particular location is not the type of activity that, on its face, serves no purpose but to manipulate venue. Given MedIdea's location in Longview, Zimmer has not shown that either the Northern District of Indiana or the Eastern District of Michigan are clearly more convenient to the parties than the Eastern District of Texas.

The parties have not identified any non-party witnesses. Zimmer's party witnesses are primarily located in Warsaw, Indiana. MedIdea's two officers, including the inventor and prosecuting attorney, are located in Ann Arbor, Michigan. The Northern District of Indiana would be more convenient to Zimmer's party witnesses. Nonetheless, MedIdea's location in Longview significantly counterbalances this factor, making it neutral as to transfer.

### 2. The Relative Ease of Access to Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at

316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in a § 1404(a) analysis. *See id.* "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 330 (E.D.N.Y 2006).

Zimmer argues that much of the evidence about the accused products is located in Warsaw, Indiana and much of the evidence about prosecution of the patents-in-suit will be located in Ann Arbor, Michigan. The Court agrees that likely relevant evidence will be found in the Northern District of Indiana. However, likely relevant evidence will also be located in MedIdea's place of business in Longview, Texas.

Defendants have not shown that there will be any significant inconvenience if they are required to transport documents to Marshall, Texas. Defendants have not identified any documents or evidence located in the Northern District of Indiana that cannot be produced electronically, and have not otherwise shown that transporting documents and physical evidence to Marshall would pose significant additional inconvenience.[1] Furthermore, the Federal Circuit rejected that the location of documents in electronic form bore weight on the transfer analysis. *See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (finding that Texas has no connection to the litigation notwithstanding that 75,000 documents converted to electronic format were located in Texas). Therefore, the Court finds that this factor weighs against transfer.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness'

---

[1] The *TS Tech* court emphasized the physical nature of the evidence at issue and that such evidence, including actual physical objects, would be more easily transported to Ohio. *Odom v. Microsoft Corp*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. Jan. 30, 2009) (citing *In re TS Tech*, 551 F.3d at 1321).

attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

With respect to compulsory process, the facts of this case are similar to *In re Genentech*. "[T]here is a substantial number of witnesses within the subpoena power of the Northern District of California and no witness who can be compelled to appear in the Eastern District of Texas. The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly." *In re Genentech*, 566 F.3d at 1345. The parties have not identified any non-party witnesses that are likely to testify, so this factor is neutral as to transfer.

### B. Public Interest Factors

#### 1. Administrative Difficulties Flowing from Court Congestion

The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

#### 2. Local Interest in Having Localized Interests Decided at Home

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Defendant argues that the Eastern District of Texas has little or no interest in the outcome of this litigation. The Court disagrees. MedIdea maintains its principal place of business in Longview, which gives the Eastern District of Texas has a substantial connection to this lawsuit. The Northern District of Indiana also has a connection to this lawsuit because Zimmer's principal place of business is there. Neither venue has a greater interest in this dispute, which makes this factor neutral as to transfer.

#### 3. The Familiarity of the Forum with the Law that will Govern the Case

Patent claims are governed by federal law. This Court and the Northern District of Indiana

are both capable of applying patent law to infringement claims. This factor is neutral as to transfer.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws

The Court finds that this factor is inapplicable in this transfer analysis.

### 5. Judicial Economy

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); *Volkswagen II*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has found that, in patent cases, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted).

The Court has pending before it a related lawsuit involving the same patent, the same plaintiff, and similar technology. "[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether transfer is in the interest of justice." *In re Volkswagen*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). *See also In re VTech Comm's*, 2010 WL 46332, *2 (Fed. Cir. 2010) (finding that a court's familiarity with the issues and facts of a case is a consideration that weights against transfer). In this case, there will undoubtedly be an overlap of issues for claim construction. Transferring this case to either of the proposed venues will prevent the parties from taking advantage of the built-in efficiencies that result from having related cases before the same judge. The Court finds that the interests of justice weigh against transfer.

### III. Conclusion

For the reasons stated above, Defendants have failed to satisfy their burden of showing good cause that a transfer is clearly more convenient in this case. The Court finds that the competing factors do not justify a transfer. Accordingly, Defendants' Motion is DENIED.

It is so ORDERED.

SIGNED this 8th day of March, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE